The order below is hereby signed.

Signed: February 25 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DENNIS FOWLER HIGHTOWER, | ) | Case No. 13-00646 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
*MOTION FOR RECONSIDERATION* OF ORDER GRANTING RETAINED
REALTY, INC.'S AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

On February 11, 2014, the court granted Retained Realty, Inc.'s amended motion for relief from the automatic stay (which sought leave to enforce a mortgage on property located at 543 Wire Mill Road, Stamford, CT 06903).  On February 20, 2014, Dori B. Hightower filed a *Motion for Reconsideration*, seeking a vacating of that order.  The motion will be treated as one under Fed. R. Civ. P. 59.

Retained Realty, Inc.'s amended motion was filed and served on January 21, 2014, in accordance with the Federal Rules of Bankruptcy Procedure and this court's Local Bankruptcy Rules. The deadline for opposing the amended motion was February 7, 2014.  No one timely opposed the amended motion, and it was

granted on February 11, 2014.

    Moreover, the amended motion merely corrected the name of the creditor holding the note secured by the mortgage.  The original motion was filed by a prior holder of the note on October 31, 2013.  No one timely opposed that original motion.  By consent, the chapter 7 trustee was given until 60 days after November 18, 2013 (*i.e.*, until January 17, 2014) to oppose the original motion, but he elected not to file an opposition, and no one else sought to obtain an extension of time to oppose the original motion.  Dori B. Hightower was given notice of the commencement of this case, and has been actively participating in this case since December 16, 2013, having filed an objection to exemptions on that date.

    The chapter 7 trustee represents the creditors of the estate, and was given time to investigate whether this asset could be sold in a manner that would benefit the unsecured creditors of the estate.  He determined not to oppose the amended motion for relief from the automatic stay.  The *Motion for Reconsideration* gives no indication that Ms. Hightower has attempted to ascertain the fruits of the chapter 7 trustee's investigations into whether the property is worth selling for the benefit of unsecured creditors.

    On the merits, the amended motion for relief from the automatic stay alleged:

> The total due amount under said Note as of October 11, 2013, including interest, late charges, attorney's fees and trustee's fees and costs, was approximately $2,737,042.85. . . . [T]he subject property is not necessary to an effective reorganization and was assessed, for 2012 tax assessment purposes, at a value of $1,377,400.00, which indicates that, in the event of a forced sale, there would not be any excess equity after the payment of the administrative costs of sale, the liens on the property, any exemptions of the Debtor and any co-obligor share for the benefit of the other creditors of the estate and, therefore, cause exists for the lifting of the stay of 11 U.S.C. Section 362(a).

With the debt[1] being more than double the 2012 tax assessed value of the property, it is highly unlikely that any appraisal would show a value of the property that exceeds the debt.  For there to be equity available for unsecured creditors, the proceeds of a sale would have to exceed the administrative costs of sale, any exemption that the debtor claims against the proceeds of the sale, and the trustee's commission.

Moreover, had there been a timely opposition to the amended motion for relief from the automatic stay, Retained Realty, Inc. would have had the opportunity to present evidence to demonstrate why the 2012 tax assessed value is an appropriate valuation of the property, and, if the tax assessment were deemed to be inadequate proof, could have sought to obtain an appraisal to show that there is no equity in the property.  Instead, any granting of the *Motion for Reconsideration* (after awaiting a

---

[1] The per diem is $965.43 per day.  So additional interest of $131,298.48 has accrued as of February 24, 2014, bringing the total debt to at least $2,868,341.20.

response by Retained Realty, Inc., and a reply by Ms. Hightower) would not likely occur until more than a month after the original deadline for opposing the amended motion for relief from the automatic stay.  This is all inconsistent with the summary nature of proceedings to determine whether the automatic stay should be lifted.

Indeed, Ms. Hightower has acted inconsistently with the statute governing the procedures for addressing motions for relief from the automatic stay.  More than 30 days have expired since the filing of the amended motion for relief from the automatic stay.  Dori B. Hightower filed her *Motion for Reconsideration* on February 20, 2014, 30 days after the filing of the motion.  Under 11 U.S.C. § 362(e)(1):

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

In failing to file a timely opposition to the amended motion for relief from the automatic stay, and then filing her *Motion for Reconsideration* 30 days after the filing of the amended motion for relief from the automatic stay, Dori B. Hightower has acted inconsistently with the spirit of that statute.  This weighs heavily against granting the *Motion for Reconsideration*.

4

Dori B. Hightower has failed to set forth any justification for her delay, and under Rule 59 that too is a basis for denying her *Motion for Reconsideration*. Ms. Hightower offers no excuse for why she did not timely file an opposition to the amended motion for relief from the automatic stay. "[A] losing party may not use a Rule 59 motion to raise new issues that could have been raised previously." *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *see also Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) ("[Motions to alter or amend a judgment] cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

Ms. Hightower asserts that "a subdivision of the Property, coupled with the parceling of lots and sale of such lots to strategic developers . . . would likely be the highest and best use of the Property, and Ms. Hightower is currently in the process of commissioning studies and appraisals that will shed further light on the Property and its potential valuation."[2] Ms. Hightower filed her *Motion for Reconsideration* more than three and a half months after the first motion for relief from the

---

[2] Any subdivision of the property, and then selling lots to developers would entail costs and delay, all of which would factor into how much anyone would be willing to pay for the property who contemplates such a use of the property. Ms. Hightower does not offer comparable sales of raw land where the raw land is bought for such a use.

5

automatic stay was filed, and 30 days after the filing of the amended motion, yet she still does not have an appraisal of the property.

For all these reasons, it is

ORDERED that Dori B. Hightower's *Motion for Reconsideration* is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification.