IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:

DENNIS FOWLER HIGHTOWER,

Debtor.

Case No. 13-00646-SMT

Chapter 7

**MOTION FOR DERIVATIVE STANDING TO BRING AVOIDANCE
ACTION ON BEHALF OF THE ESTATE OF DENNIS FOWLER HIGHTOWER**

Comes now Dori B. Hightower ("Ms. Hightower" or the "Movant"), by and through undersigned counsel, and as and for her motion for derivative standing to bring avoidance action on behalf of the Estate of Dennis Fowler Hightower (the "Motion," with the estate being known as the "Estate" and the debtor being known as "Mr. Hightower" or the "Debtor") states as follows:

**I.    Introduction**

The Debtor, by his own admission, entered into a real estate transaction in Guatemala and seemingly unwound the same within two years of bringing this bankruptcy proceeding, yet has not accounted for such property – or the proceeds thereof – in his schedules herein. To the contrary, when the Debtor was presented with this notable and seemingly fraudulent conduct in the way of an adversary proceeding seeking a denial of his discharge herein, he simply conceded the matter and had his discharge forfeited.

Despite the Debtor forfeiting his right to a discharge, and failing to account for land in Guatemala or the proceeds thereof, the Trustee has – remarkably – taken no action whatsoever. The statute of limitations to bring an avoidance action now pends, and the Trustee has neither filed one such action nor seemingly taken any steps to collect this property.

Accordingly, and as more fully set forth herein and in the adversary complaint being filed of even date herewith (the "Complaint"), Ms. Hightower now seeks to do – on behalf of the Estate – what the Trustee apparently refuses to do: collect the assets of the Debtor, through a recovery action, so they may be distributed to his creditors.

II.     Standard

As noted by this Honorable Court, "A trustee's avoidance powers are conferred on the trustee for the benefit of creditors, and it is creditors who have the necessary stake to have standing to request permission to pursue avoidance actions under a theory of derivative standing." *In re Yelverton*, 2012 WL 1229752, at *4 (Bankr. D.D.C. 2012).

In assessing whether such an action should be permitted on a derivative basis, "[A] party seeking derivative standing must establish, *inter alia*, a 'colorable' claim that would benefit the estate. In determining whether a claim is colorable in this context, courts initially look to the 'face of the complaint.'" *In re Trailer Source, Inc.*, 555 F.3d 231, 245 (6th Cir. 2009) (citing *In re Gibson Group, Inc.*, 66 F.3d 1436, 1446 (6th Cir. 1995)).

III.    Argument: Derivative Standing Will Benefit Creditors Herein

As shown on the face of the Complaint (which is incorporated herein by reference), Ms. Hightower has made a colorable claim that the Debtor either (i) owns property overseas and has failed to bring the same into the estate being administered by this Honorable Court; or (ii) conveyed the same property, without receiving reasonably equivalent consideration, on the eve of his filing the petition that commenced this bankruptcy case.

If the former proves true, the prosecution of an avoidance action will prove successful not in achieving the relief prayed for therein but, rather, in alerting this Honorable Court – and the Trustee – to an additional asset of the Debtor. This is an asset that can be sold for the benefit of

2

creditors, and appropriate actions can then be taken to address the Debtor's seeming disregard for his disclosure obligations herein.

Conversely, if the property in question was truly transferred for less than reasonably equivalent consideration – as alleged by Ms. Hightower – then the subject conveyance can be avoided, the property can be brought within the Estate, the property can be sold by the Trustee, and all creditors will likewise benefit.

Indeed, either eventuality more than sufficiently satisfies the rigor of demonstrating a benefit to the Estate. And inasmuch as Ms. Hightower is willing to pay for the cost of this action without recourse against the Estate, there is no correlative detriment to be weighed.

### IV. Conclusion

WHEREFORE, for the foregoing reasons, Dori Hightower respectfully prays this Honorable Court grant her derivative standing to prosecute the Complaint filed of even date herewith, and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 5, 2015

OFFIT KURMAN, P.A.

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
4800 Montgomery Lane, Suite 900
Bethesda, MD 20814
Telephone: (240) 507-1714
Facsimile: (240) 507-1735
Bar No. MD18071
Email: mverstandig@offitkurman.com

Counsel for Dori B. Hightower

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2015, a copy of the foregoing was served electronically upon filing via the ECF system, and that paper copies of the same were served, by First Class Mail, postage prepaid, upon:

David E. Lynn, Esquire
15245 Shady Grove Road
Suite 465N
Rockville, Maryland 20850
Counsel for the Debtor;

and

Wendell W. Webster
Webster, Fredrickson, Correia & Puth
1775 K Street, NW
Suite 600
Washington, DC 20006
Chapter 7 Trustee

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4829-2412-1385, v. 1